**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Gross, | No. CV 08-1644-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| James R. Ray, | |
| Defendant. | |

Pending before this Court is Plaintiff's motion for a preliminary injunction seeking to freeze Defendant's shares of stock in Green Earth Technologies, Inc. Following a hearing on September 15, 2008, the Court finds the following facts:

1. Judgment was entered against Defendant James R. Ray, and in favor of Plaintiff in the U.S. District Court for the Eastern District of New York on October 18, 2007.

2. The Judgment was for the sum of $475,000. Doc. #1 at 5. Plaintiff calculates that with interest the judgment is now $694,732.50. Doc. #6 at 2.

3. Pursuant to 28 U.S.C. § 1963, this judgment was registered in the District of Arizona on October 19, 2007. Doc. #1.

4. Defendant owns or controls shares of stock in Green Earth Technologies, Inc.

1  Generally, the law governing the issuance of a preliminary injunction under Federal
2 Rule of Civil Procedure 65 requires the moving party to show: 1) a strong likelihood of
3 success on the merits, 2) the possibility of irreparable injury to the moving party if injunctive
4 relief is not granted, 3) a balance of hardships favoring the moving party, and 4)
5 advancement of the public interest (in cases implicating the public interest). *Earth Island*
6 *Institute v. U.S. Forest Service*, 351 F.3d 1291, 1297 (9th Cir. 2003). The moving party may
7 meet this burden by showing either: (1) a combination of probable success on the merits and
8 a possibility of irreparable injury, or (2) the existence of serious questions going to the merits
9 and that the balance of hardships tips sharply in its favor. *Id*. at 1298. "These two
10 alternatives represent extremes of a single continuum, rather than two separate tests." *Id*.
11 (internal quotations and citation omitted).

12  In this case, the preliminary question faced by the Court is whether Plaintiff can use
13 the equitable remedy of an injunction to freeze Defendant's assets (specifically Defendant's
14 stock in Green Earth Technologies, Inc.) to aid in Plaintiff's collection efforts. Neither
15 Plaintiff nor Defendant cited a single case in their proposed findings of fact and conclusions
16 of law. Thus, this Court is left to research this question with no assistance from the parties.

17  The Court's research reveals the following:

18. 1. Generally, collection of money judgments, such as this one, are governed by
19.    the Federal Rule of Civil Procedure 69.
20. 2. "Ordinarily, the equitable remedies provided under Rule 70 are not appropriate
21.    in enforcing a monetary judgment." *Spain v. Mountanos*, 690 F.2d 742, 744-
22.    45 (9th Cir. 1982).
23. 3. Pursuant to Federal Rule of Civil Procedure 69, the "procedure for the
24.    execution of a federal court judgment is determined by the law of the state

- 2 -

|   |   |
|---|---|
|   | where the federal court sits," which in this case is Arizona. 30 Am. Jur. 2d Executions, Etc. § 2.[1] |
| 4. | "In the usual case, money judgments are enforced by lien and foreclosure or execution." 30 Am. Jur. 2d Executions, Etc. § 11. |
| 5. | "The issuance of a writ of execution gives the judgment creditor the right to sell the personal assets of a judgment debtor to satisfy the judgment." 30 Am. Jur. 2d Executions, Etc. § 8.[2] |
| 6. | The "usual case" of execution appears to be the method used in Arizona. *See* A.R.S. 12-1551(A); 12-1552(1)&(2). |
| 7. | Further, Arizona law specifically anticipates the judgment creditor using the execution procedure to force the sale of the judgment debtor's stock to satisfy the judgment. A.R.S. § 12-1558(B); *see also McCoy v. Brooks*, 9 Ariz. 157 (1905). |
| 8. | And state law governs the type of property that is subject to execution. 30 Am. Jur. 2d Executions, Etc. § 2. |

Plaintiff in this case argues that the Court should use the equitable power of the grant of a preliminary injunction to freeze Defendant's stock to prevent Defendant from selling the stock and absconding with the proceeds of such stock. However,

9. "In an equitable proceeding to enforce a judgment at law, it must be shown that the plaintiff has recovered a judgment against the defendant and that it remains unsatisfied and that the plaintiff has caused an execution to issue in

---

[1] When a judgment has been registered in a district other than the issuing district pursuant to 28 U.S.C. § 1963, the judgment is enforced as if it were the judgment of the court where it is registered. Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 3013, at 156-57 (1997).

[2] Generally, once a writ of execution issues, the Court will not enter an injunction to stop the sale. 30 Am. Jur. 2d Executions, Etc. § 447.

- 3 -

  the county where ... the defendant resided." 30 Am. Jur. 2d Executions, Etc. § 13.

In this case, there is no evidence that Plaintiff has attempted to collect the stock at issue by execution, accordingly, the Court finds the request for equitable assistance to be premature.

  10. Further, even applying the TRO/PI test, Plaintiff cannot meet its burden if the relief sought is remediable by money damages. *See Stanley v. Univ. of Calif.*, 13 F.3d 1313, 1320-21 (1994) (to obtain a preliminary injunction, the moving party must demonstrate that her remedy at law was inadequate; and, to the extent she is seeking money damages, her remedy at law is adequate).

In this case, the only relief sought by Plaintiff is payment of the judgment, which is specifically a request for money damages.

  11. Finally, as stated above, under either formulation of the TRO/PI test, Plaintiff must show either irreparable injury or that the balance of hardships tips sharply Plaintiff's favor. *Earth Island Institute,* 351 F.3d at 1298. Here, if Plaintiff's alleged harm occurs, specifically that Defendant sells the stock and absconds with the proceeds, Arizona law may permit Plaintiff to void the sale and recover the stock. *See* A. R. S. § 44-1007.

Because Arizona law provides a potential remedy, the Court finds that Plaintiff cannot show irreparable harm or that the balance of hardships tip sharply in its favor. Thus, based on the current record before this Court,

IT IS ORDERED that Plaintiff's motion for a preliminary injunction, Doc. #6, is denied, without prejudice to refiling the motion if there is a change in circumstances.

DATED this 15th day of September, 2008.

*[signature]*
James A. Teilborg
United States District Judge